IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES CRAMER, | ) | No. C 04-4340 MMC (PR) |
| Petitioner, | ) | **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |
| v. | ) | |
| JEANNE WOODFORD, et al., | ) | (Docket No. 11) |
| Respondents. | ) | |
| _____ | | |

Petitioner, currently incarcerated at Pelican Bay State Prison ("PBSP") and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner challenges the constitutionality of two 1996 decisions by prison officials, which have resulted in his loss of good time credits. See generally Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990). Specifically, in April 1996, PBSP officials found petitioner guilty of battery by use of a weapon on another inmate, and revoked 360 days of good time credits. In October 1996, petitioner was validated as a gang member and sent to the Secured Housing Unit ("SHU"), where he was not eligible to earn good time credits. Respondent has filed a motion to dismiss the petition as untimely; petitioner has filed an opposition, and respondent has filed a reply.

**BACKGROUND**

On January 23, 1996, a PBSP guard observed petitioner fighting with another inmate named Smith.[1] When the fight ended, prison officials found a stabbing weapon lying between petitioner and Smith. Smith suffered stab wounds, and petitioner did not. Petitioner was placed in administrative segregation pending the outcome of the PBSP disciplinary process; his disciplinary hearing was held April 11, 1996. The hearing officer found petitioner guilty of committing battery with a weapon on another inmate. Petitioner lost 360 days of good time credits, and was sentenced to 15 months in the SHU. Petitioner filed an appeal of that decision, and on July 8, 1996, the appeal was partially granted, on the ground petitioner may not have received a copy of the medical report relied upon by the hearing officer; on July 10, 1996, PBSP officials ordered a rehearing on the discipline charges be conducted by August 12, 1996. On August 14, 1996, petitioner filed another inmate appeal because no rehearing had been held. This appeal was rejected, and petitioner appealed both the initial discipline and the failure to hold a rehearing to the Inmate Appeals Branch ("IAB"), the final level of review. On December 13, 1996, the IAB denied petitioner's appeal. On January 6, 1997, pursuant to the IAB's denial of petitioner's appeal, PBSP officials rescinded their previous order for a rehearing. On May 15, 1997, petitioner appealed the PBSP's rescission of the prior order to the PBSP appeals office, which appeal was denied on May 21, 1997.

In October 1996, PBSP validated petitioner as a gang member and placed him on administrative segregation in the SHU. In December 1996, petitioner filed an administrative appeal of his gang validation, which appeal was denied by PBSP officials at the first formal level of review on January 21, 1997. No further administrative appeals of the gang validation appear in the record.

In March 1999, PBSP officials restored 90 of the 360 days of good time credits that had been revoked in 1996. In August 1999 the order restoring 90 days of good time credits

---

[1] Smith's first name has not been provided.

was rescinded. Petitioner filed administrative appeals challenging the rescission of the previously restored credits; the last such appeal was denied July 31, 2000, by the Director of the California Department of Corrections ("Director") at the final level of review.[2]

On July 22, 1997, petitioner filed a petition for a writ of habeas corpus in the Del Norte County Superior Court, challenging the disciplinary hearing. The petition was denied August 11, 1997. Petitioner filed his next state habeas petition in the same court on January 6, 2004, challenging both his discipline and his indefinite placement in the SHU. That petition was denied February 4, 2004. Thereafter, petitioner filed a habeas petition on the same grounds in the California Court of Appeal, which petition was denied March 25, 2004. Finally, petitioner filed a habeas petition on the same grounds in the California Supreme Court, which was denied April 22, 2004.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges a pertinent administrative decision rather than a state court judgment. See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). For prisoners, such as petitioner, who challenge administrative decisions that result in the loss of good time credits, § 2244(d)(1)(D) applies.[3] See id. at 1066. Pursuant thereto, the petition must be filed within one year of the date on which the "factual predicate of the claim could have been discovered through the exercise of due diligence." See 28 U.S.C. § 2244(d)(1)(D). In the context of a petition challenging an administrative decision by prison officials that results in the loss of good time credits, the one-year

---

[2] In August 2000, plaintiff sought review of this decision by the Bureau of Prison Terms ("BPT"). The BPT denied review on the ground that it lacked jurisdiction over the matter.

[3] Under 28 U.S.C. § 2244(d)(1)(A)-(C), the limitations period may begin to run on other dates, none of which is applicable here.

3

limitations period begins to run on the date the prison officials' administrative decision becomes "final." See Shelby, 391 F.3d at 1066. The administrative decision becomes final when the prisoner's final administrative appeal challenging the decision is denied. See id. A prisoner challenging an administrative decision is, however, entitled to statutory tolling pursuant to § 2244(d)(2) for the period(s) during which state habeas petitions were pending. Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003).

On May 21, 1997, prison officials denied petitioner's last administrative appeal concerning the April 1996 discipline he received for committing battery with a weapon against another inmate. Petitioner's last administrative appeal concerning his gang validation, specifically, the appeal to the first formal level of review, was denied earlier, on January 21, 1997. Consequently, because the latest denial of an administrative appeal concerning the administrative decisions challenged in the instant petition occurred on May 21, 1997, the limitations period began to run on that date.[4]  See id.  The instant petition was not filed until October 2004, over seven years thereafter, and long after the one-year limitations period had expired.

As noted, petitioner is entitled to tolling, pursuant to § 2244(d)(2), during such time as his habeas petitions regarding his discipline and his gang validation were "pending" in the state courts. On July 22, 1997, after approximately two months of the limitations period had expired, petitioner filed the first of these state habeas petitions in the Superior Court. Pursuant to § 2244(d)(2), the limitations period was tolled until August 11, 1997, when the Superior Court denied the petition. Petitioner's next state habeas petition was not filed until January 2004, over six years later. Although, under some circumstances, a petitioner

---

[4]The limitations period does not begin to run upon the denial of petitioner's later-filed administrative appeals regarding the 1999 decision to rescind 90 days of previously-restored good time credits. The denial of those administrative appeals does not constitute the "factual predicate" for the instant petition under § 2244(d)(1)(D) because the instant petition does not challenge the rescission of those credits. In any event, even if the limitations period were to commence after the last of such appeals was denied, specifically, on July 31, 2000, the instant petition nonetheless would be untimely, because the limitations period would have expired on July 31, 2001, long before the instant petition or any state petitions entitling petitioner to statutory tolling were filed.

4

is entitled to tolling for the period of time between successive state habeas petitions, such tolling is not available where, as here, a large amount of time has elapsed between the successive petitions. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002) (finding statutory tolling between state habeas petitions not available where there is "unreasonabl[e] delay"); Welch v. Carey, 350 F.3d 1079, 1084 (9th Cir. 2003) (en banc) (finding petitioner not entitled to tolling for four and a half years that elapsed between successive state habeas petitions because such delay is unreasonable). Accordingly, petitioner is not entitled to tolling for the period between the denial of petitioner's first state habeas petition and the filing of his second. As a result, the limitations period started running again on August 11, 1997, the date the first state habeas petition was denied, and expired approximately ten months later, in June 1997.[5]

Petitioner does not dispute that his petition is untimely under the foregoing analysis. Rather, petitioner contends that dismissing the petition as untimely would constitute a "fundamental miscarriage of justice." Although a federal habeas petition challenging a state court criminal conviction may be excused from the AEDPA limitations period based on a "miscarriage of justice," see Majoy v. Roe, 296 F.3d 770, 776-77 (9th Cir. 2002) (citing Schlup v. Delo, 513 U.S. 298 (1995)), petitioner provides no authority that the untimeliness of a petition challenging a prison disciplinary decision can be excused on such grounds. Moreover, even if such an exception did exist, it would require that petitioner set forth "new evidence" establishing he is factually innocent of the charge for which he was disciplined. See Schlup, 513 U.S. at 316, 321 (limiting "miscarriage of justice" exception to habeas petitioners who can show "actual innocence"); Bousley v. United States, 523 U.S. 614, 623-24 (1998) (holding "actual innocence" means inmate is factually innocent). The only evidence petitioner offers in support of his argument is the July 10, 1996 decision by

---

[5] As the limitations period had long expired before petitioner filed his other state habeas petitions in 2004, these later petitions do not serve to toll the limitations period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

prison officials on petitioner's appeal of his discipline, in which they initially ordered a rehearing. (See Respt's Ex. 1 at 99). Such decision is not "new evidence," as the order was given to petitioner, and referenced by him, in the course of his administrative appeals of the discipline he received. Of equal if not more significance, the order does not establish petitioner's factual innocence of the battery charge; it indicates, at most, that petitioner was not provided a copy of a medical report relied upon to establish his guilt. Accordingly, even if there existed a "miscarriage of justice" exception for untimely petitions such as the one herein, petitioner has not established the existence of any such miscarriage of justice.[6]

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is GRANTED and the instant petition is DISMISSED.

This order terminates Docket No. 11.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: September 16, 2005

_____
MAXINE M. CHESNEY
United States District Judge

---

[6] Petitioner's alternative argument is that respondent "concedes" his innocence. It is clear from the motion and reply that respondent does not do so.